CITY OF AKRON *v.* DIXON ET AL. (Four cases).

(Nos. 387383, 387384, 387385 and 392496—Decided September 22, 1972.)

Akron Municipal Court.

*Mr. Joseph S. Kodish*, chief prosecutor, for plaintiff.
*Mr. James Burdon*, for defendants.

McFADDEN, J. The defendant in each of these cases has been charged with a violation of the city of Akron

ordinance 1185.04, entitled, Possession of A Dangerous Weapon. The defendants have demurred and have offered several grounds for their contention that the court should dismiss the affidavits.

Central to the decision to be made in these cases is Section 4, Article I of the Constitution of the state of Ohio which, in pertinent part, recites, "The people have the right to bear arms for their defense and security." Observe that the right secured by the Constitution is not an unlimited one. Rather, the language speaks of the citizens self defense and security and to his right to attain those ends by bearing arms. Compare now the language of the challenged ordinance, Akron City Code 1185.04:

"No person shall carry on or about his person a pistol, knife having a blade two and one-half inches in length or longer, knuckles, or a billy or other dangerous weapon; provided however, that upon the trial of this charge, the defendant shall be acquitted if it appears that he was at the time engaged in a lawful business, calling, employment, or occupation, and that the circumstances in which he was placed justified a prudent man in possessing such a weapon for the defense of his person or family."

The ordinance is much more prolix than the succinct and lucid language of the Constitution. Types of weapons are listed, mention is made of the possible existence of lawful business, circumstances justifying a prudent man acting to defend himself or family and much more, but it could all be summarized to prohibit the bearing of arms except to defend one's self or one's family. How is this different from the Constitution? I see no essential distinction. The Constitution makes an affirmative declaration of a limited right to bear arms for defense and security. The ordinance restates the same concept negatively by making it an offense to bear arms for any purpoose other than one's defense and security. These two pronouncements of law are opposite sides of the same coin.

Defendants further argue that a conflict exists with the general laws because the state has pre-empted the field by passage of R. C. 2923.56(A), which provides that:

"Except as provided in division (C) of this section, no person shall purchase, own, possess, receive, carry, control, or use any firearm, if such person is a fugitive from justice, is under indictment or has been convicted of any felony of violence and involving moral turpitude or adjudged a juvenile delinquent for commission of any act which if committed by an adult would be such felony in this or any other state, the United States or any of its territories or possessions, or the District of Columbia, is addicted to or illegally uses any narcotic drug, hallucinogen or other dangerous drug, is an habitual drunkard, or is under adjudication of mental incompetence. * * *"

It is seen by comparing the foregoing statute and the challenged ordinance that in essence the ordinance says that anyone who is defending himself can have a gun while in the statute it is said that an errant person cannot have a gun. I do not perceive any conflict here. The ordinance restates negatively the Constitutional right to bear arms for protection. The statute goes a step further and forbids arms altogether to the enumerated classes of undesirable persons, presumably even if they are engaged in defending their security and safety.

Defendants further argue that Fifth Amendment rights are violated by the language of the ordinance which states that one should be found not guilty if it be proved on trial that certain defenses bearing on his safety and that of members of his family be proved. It is contended that this would require the defendant to take the stand and prove his innocence.

It is a general rule that where an exception is incorporated in the enacting clause of a criminal statute the burden of proof is on the prosecution to establish the fact that the defendant is not within the exception, but the burden is on the defendant to bring himself within an exception made by proviso or other clause distinct from the enacting clause. See *Whalen* v. *State* (1896), 12 C. C. 584, 5 C. D. 488. It has been further held that the general rule is difficult to apply, that it cannot be applied mechanically, and that it is pertinent to inquire whether the proscribed act without the

exception is dangerous to society or involves moral turpitude. If so, the burden of bringing himself within the exception may fall on the defendant. The burden may also fall on the defendant if the facts relating to the exception are difficult for the state to obtain and also peculiarly within the knowledge of the defendant. In *Williams* v. *United States* (C. A. D. C. 1943), 138 F. 2d 81, 153 A. L. R. 1213, it was held that if the accused belonged to one of the classes to which the statute is not to be applied, it was incumbent upon him to prove it and the state was not bound to carry the burden of proving he did not. I do not find a violation of Fifth Amendment rights by this ordinance.

A further ground raised by the defendants concerns a claimed distinction between pistols and other weapons. This distinction which defendants claim exist between pistols on one hand and other weapons such as switchblade knives, machine guns, etc., which are usually associated with criminality, on the other hand, even if it be a genuine distinction, is of no help to the defendants in this instance. The cases cited by defendants for the proposition that pistols are among those weapons constitutionally secured to the people for their defense and security prove only that defendant if engaged in the defense of his security or that of his family is entitled to possess them. Under the ordinance which is challenged by defendants' demurrer, one is likewise entitled to possess a pistol if his defense and security require it.

The demurrers in these cases are overruled, exceptions being granted to the defendants.

*Demurrers overruled.*